Davis Hospital, Inc., formerly Davis Hospital and Training School for Nurses, Inc. v. Commissioner.
Davis Hosp., Inc. v. Commissioner
Docket No. 496.
United States Tax Court
1945 Tax Ct. Memo LEXIS 268; 4 T.C.M. (CCH) 312; T.C.M. (RIA) 45097; March 14, 1945
Newman A. Townsend, Esq., and John M. Robinson, Esq., for the petitioner. Philip A. Bayer, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves deficiencies in Federal income taxes, declared value excess-profits taxes and penalties for the years 1937, 1938 and 1939, as follows: Declared Value
Income
25%
Excess-Profits
25%
Year
Tax
Penalty
Tax
Penalty
1937
$5,041.97
$1,260.49
$2,328.52
$ 582.13
1938
6,958.00
1,739.50
4,394.53
1,098.63
1939
3,808.47
952.12
5,680.91
1,420.23
The principal issue is whether petitioner is exempt from the contested Federal taxes under the provisions of section 101 of the Revenue Acts of 1936, 1938, and the Internal Revenue Code. If the answer is in the negative an alternative *269 issue is whether petitioner is subject to the 25 per cent penalty for failure to make and file returns for the respective years involved. Another issue, whether petitioner is entitled to have its declared value excess-profits tax credit computed on the basis of the declared value set forth in the capital stock returns filed by it, is conceded by the respondent in favor of petitioner. Findings of Fact Petitioner is a corporation which was incorporated on April 15, 1937 under the laws of the State of North Carolina. It is a non-stock, non-profit corporation, unlimited as to duration. In May 1939 its charter was amended by changing its name from "Davis Hospital and Training School for Nurses, Inc." to "Davis Hospital, Inc." Since its incorporation it has engaged, and still is engaged, in operating a hospital and training school for nurses at Statesville, Iredell County, North Carolina. Petitioner's charter and by-laws declare that the petitioner shall have no capital stock. Its by-laws provide that it shall not pay dividends to its members. Article 3rd of its charter provides as follows: "3rd. The objects and purposes for which this corporation is formed are as follows: "(a) To *270 promote and advance the art of professional nursing and caring for sick human beings. "(b) To maintain and operate a school for the proper instruction and training of student nurses; to prescribe the curriculum thereof, not inconsistent with the laws of the State of North Carolina, for those who are enrolled as students in said school and upon satisfactory completion of the work so prescribed, to grant diplomas or certifiates to the graduates. "(c) To provide special courses for and give post-graduate instruction in various branches of nursing, as well as to provide for instruction in any branch of hospital administration and to award certificates to those successfully completing said courses. "(d)To train laboratory technicians and/or pathologists and award certificates to the same. "(e) To furnish practical nursing service, aid or help of any kind to any hospital which it may make a contract with for the services of its students, instructors or faculty and to use the equipment and facilities of said hospital for training of its students or post-graduate nurses or technicians. "(f) To provide for research work in the field of medicine, surgery, preventive medicine or in *271 any allied branches of study. "(g) To build, remodel, purchase, lease or sub-lease a hospital or hospitals, and any other buildings or grounds or equipment that may be necessary in connection with the operation of said hospital, or hospitals. To organize, maintain and establish a clinic, or clinics, to be used in connection with the hospital in the examination, diagnosis and treatment of the sick and ailing human beings. To purchase, lease, rent, sub-rent or sub-lease any equipment, material or anything that is necessary in connection with the operation of the clinic, hospital or training school for nurses in any way whatsoever. To make any contract necessary with any doctor, firm, corporation or others that may be necessary in connection with the carrying out of these plans and purposes. To employ help, professional or otherwise, that may be necessary. "(h) To erect, remodel, maintain and equip buildings, laboratories and other necessary structures to be used as nurses' training school, nurses' home or for any other purpose necessary or incident to the business for which the corporation is formed. "(i) To receive from any governmental agency, corporation or individual subscribers *272 grants, gifts or donations of any kind that may be approved by the trustees of the corporation for the purpose of carrying out the provisions herein enumerated and to establish and maintain an endowment fund to provide pensions, sick benefits, salaries or other remuneration fixed by the management for its officers, members or employees who may be considered entitled thereto. "(j) The corporation shall have power in connection with its endowment fund, to select and designate a trustee, corporate or individual, and prescribe the duties, powers and limitations thereof, or to operate the same through its own agents and in connection therewith, to issue to donors lifetime annuities, with such income, privileges and rights as may be determined by the corporation and to accept as a part of said endowment donations, gifts, or grants, subject to the life estate of the donor or grantor. In connection with said endowment, the corporation shall have the right to terminate any trust management so provided for, or to substitute a new or different trustee and to revoke a trust so established at any time." Prior to the incorporation of petitioner. Dr. James W. Davis, an eminent surgeon, in about *273 1922 formed a stock corporation for the purpose of operating a hospital at Statesville. Dr. Davis owned practically all the stock of that corporation. He erected hospital buildings upon lands received from his mother and uncle. He still owns the fee and the buildings in which the petitioner now operates the hospital. When the petitioner was organized in 1937, Dr. Davis and the other stockholders of the former corporation irrevocably transferred to it property and hospital equipment having a value in excess of $100,000. Petitioner accepted such gift and has since used it for the objects and purposes set forth in its charter. The stock corporation was dissolved and the charter of petitioner was amended and its name changed. During the operation of the hospital by the petitioner, large numbers of poor and indigent persons have been admitted and treated who were financially unable to pay the cost or reasonable value of the necessary medical, surgical, nursing and hospitalization services. Petitioner, during the taxable years, received no compensation from any source for services rendered to from 30 to 40 per cent of the patients admitted to and treated in its hospital. A considerable *274 number of patients were admitted and treated who were financially unable to pay the full reasonable value of such services and petitioner received only a part of the cost or reasonable value of those services. For its services to other patients during the taxable years petitioner's only compensation was by way of offset against taxes due the town of Statesville and the county of Iredell. This offset of taxes was made pursuant to a North Carolina statute, authorizing a town or county which assessed taxes against any property used by a hospital to credit those taxes and to charge its welfare fund with the reasonable value of surgical, medical, nursing and hospitalization services rendered to indigent residents of the town or county. Petitioner charges and collects from patients financially able to pay reasonable fees for surgical, medical, nursing and hospitalization services. Petitioner pays salaries to the members of its surgical staffs and applies the balance of fees to further its objects and purposes. At no time has petitioner denied admission to any person or refused necessary surgical, medical, nursing or hospitalization services to any person because he was indigent or financially *275 unable to pay the cost or reasonable value of such services. The petitioner pays no rent to Dr. Davis for the use of the hospital building and land, but does discharge the taxes assessed thereon by offsetting the taxes as aforesaid. Petitioner, in connection with the hospital, conducts a training school for nurses. During the taxable years the number of nurses in training and the number completing the course and receiving diplomas as graduate nurses were as follows: Number
Year
in training
Graduates
1937
42
11
1938
37
15
1939
40
15
On May 17, 1938, the respondent informed petitioner by letter that it was exempt from Federal income taxes under section 101 of the Revenue Act of 1936 and that petitioner was not required to file income tax returns for subsequent years unless its status changed. On September 25, 1940, respondent informed petitioner by letter that the exemption granted in the letter of May 17, 1938 was withdrawn. In January 1944, the members and trustees of petitioner instituted an action in the Superior Court, Mecklenburg County, North Carolina, in which the corporation and the attorney general of North Carolina were made parties *276 defendant, seeking a declaratory judgment. After setting forth certain relevant facts, not material here, the complaint as amended made the following allegations and prayer for relief: "24. The plaintiffs, being in doubt with respect to their duties in the premises, and desiring the advice and instructions of the court in regard thereto, respectfully show to the court that their duties in the premises are dependent upon the answers to the following questions of law as applied to the facts hereinbefore alleged, and particularly to the certificate of incorporation of the corporate defendant, to-wit: "(a) Could the corporate defendant be dissolved by action of all or a part of the members and/or trustees thereof under the law of North Carolina? "(b) If so, upon such dissolution, or, if not, upon a forfeiture of its charter or involuntary dissolution, would the assets of said corporation, including earnings, revert to the donors of the equipment and property donated to the corporation; or could the members or trustees legally appropriate the assets, or any part thereof, to their own use; or dispose of the same as they see fit; or would the assets of said corporation, and particularly *277 the earnings thereof, constituting assets in excess of donated assets, be preserved under orders of the court either at the instance of the Attorney General or otherwise, to be used perpetually for charitable, educational and scientific purposes, similar to those for which the corporation was formed? "(c) Is it the duty of the plaintiffs, as trustees of the corporate defendant, to file income tax returns under the Revenue Laws of the United States? "(d) Is it the duty of the plaintiffs, as trustees, to file income tax returns for the corporate defendant under the Revenue Laws of North Carolina, or is said corporation exempt under the provisions of Section 7880 (132) of the Consolidated Statutes? "WHEREFORE, in order that the plaintiffs, as trustees, may properly perform their duties, they respectfully pray the court that they be advised as to what their duties are, and particularly that they be advised as to the law of North Carolina with respect to the questions hereinbefore set forth, and they further pray for a declaratory judgment as between all the parties to this action, including the public represented by the Attorney General of North Carolina, declaring the law applicable *278 to the defendant corporation, based upon its certificate of incorporation, and the other facts hereinbefore alleged, with respect to the questions of law set forth in paragraph twenty-four hereof; and for such other and further relief to which the plaintiffs may be entitled." The corporation and the attorney general of the State of North Carolina filed answers. After hearing the cause, the Honorable Richard D. Dixon, a judge of the Superior Court of North Carolina, rendered a judgment in which he set forth his findings and conclusions. So far as material to this inquiry the judgment provides: "9. That the defendant corporation was organized, and ever since its organization has been operated exclusively, for charitable, scientific and educational purposes; while it makes a charge for board, room and medicine and surgical attention to those patients who are able to pay, the funds so collected, after paying the expenses of operation, including the salaries of the doctors and surgeons employed by the defendant corporation upon a salary basis, are set aside and held by said corporation for the purpose of continuing and expanding its charitable, educational and scientific work, consisting *279 of operating a general hospital in which a large proportion of the patients are unable to pay, and do not pay, for hospital and surgical bills, operating a training school for nurses, and conducting research work of a scientific nature. "10. That no part of the net earnings of the defendant corporation have heretofore enured, or will hereafter enure, to the benefit of any private shareholder or individual. "11. That the defendant corporation, after paying expenses, including the salaries of the surgeons and doctors who render services to the patients in the Davis Hospital, has been able to accumulate surplus earnings so that its assets at the present time substantially exceed the value of the assets donated to it. "UPON THE FOREGOING FINDINGS OF FACT, it is hereby CONSIDERED, ORDERED AND ADJUDGED as follows: "1. That inasmuch as the corporate defendant is a charitable, non-stock, non-profit corporation, and its existence under its charter is unlimited, it cannot be dissolved by any action on the part of its members or trustees. "2. That upon the dissolution of said corporation in any manner, or upon a forfeiture of its charter or involuntary dissolution, its earnings or assets *280 of any character whatever would not revert to the original donors, or to any of their representatives, nor could there be an appropriation of said assets, or any part thereof, by the members or trustees of said corporation. In the event of such dissolution all of the assets of said corporation would be preserved under the orders of the court and held in trust to be used perpetually for charitable, educational and scientific purposes similar to those for which the corporation was formed. "3. That it is not the duty of the trustees of said corporation to file Federal or North Carolina State income tax returns on behalf of said corporation, as the said corporation is exempt from the payment of such income taxes. "The plaintiffs will pay the costs of this action to be taxed by the Clerk. "(s) R. D. DIXON Judge Presiding" Opinion Petitioner claims to be exempt from income and profits taxes under section 101(6) of the Revenue Acts of 1936 and 1938 and the Internal Revenue Code. Subdivision (6) is identical in all three acts. [1] The charter granted to petitioner by the State of North Carolina determines the purposes and objects of the corporation. These have been fully set out in *281 our findings. We think the charter conclusively establishes that petitioner was formed exclusively for charitable, educational and scientific purposes and for no other purpose. The evidence establishes that during the taxable years in question it has been exclusively operated for the purposes specified in its charter. Petitioner is a nonstock corporation, forbidden by its bylaws to pay dividends. None of its net income has been or can be used for the benefit of any private shareholder or individual. It is not authorized to nor has it engaged in any activities to influence legislation by propaganda or otherwise. All three of the specifications set forth in section 101, subdivision (6), are fully satisfied. The respondent emphasizes the fact that from 1922 to 1937 Dr. James W. Davis operated the same hospital under a stock corporation which was not entitled to exemption under the statute and makes the contention that petitioner is now conducted as it then was. Such argument, we believe, misconceives the legal purport of the dissolution of the old corporation and the incorporation of a new nonprofit corporation limited to the objects and purposes specified in its present charter. Petitioner *282 is a new, separate and distinct entity from the former corporation and must be so considered in determining the application of the revenue acts in question. Respondent places considerable stress upon the fact that petitioner charged those able to pay for the services rendered. This is the usual practice of hospitals. So long as admission and treatment are not denied to those unable to pay, an institution is classed as charitable. , and authorities therein cited. The respondent's argument that petitioner, organized under the general corporation law of North Carolina, could be dissolved and its property distributed among its members, merits consideration. Petitioner's charter is silent respecting the dissolution of the corporation and the distribution of its property. In such case it may be argued plausibly that petitioner's net income might inure to the benefit of private shareholders or individuals, and thus it would not comply with one of the specifications set forth in section 101(6), supra. The possibility that such a result might be achieved is forever foreclosed by the judgment of the Superior Court of North Carolina. *283 That court determined that petitioner was organized, and ever since its organization has been operated, exclusively for charitable, scientific and educational purposes. The court ordered and adjudged that petitioner "cannot be dissolved by any action on the part of its members or trustees", and further adjudged "That upon the dissolution of said corporation in any manner, or upon a forfeiture of its charter or involuntary dissolution, its earnings or assets of any character whatever would not revert to the original donors, or to any of their representatives, nor could there be an appropriation of said assets, or any part thereof, by the members or trustees of said corporation. In the event of such dissolution all of the assets of said corporation would be preserved under the orders of the court and held in trust to be used perpetually for charitable, educational and scientific purposes similar to those for which the corporation was formed". To the extent the court construed petitioner's charter and defined the rights and powers of its members and trustees under the laws of North Carolina which created it, we think it was adjudicating legal issues within its jurisdiction.[2] To such *284 extent its decision is binding upon us. ; . However, in adjudging that petitioner was a charitable corporation for Federal income tax purposes and, as such, exempt from Federal income taxes, the Superior Court, of course, exceeded its jurisdiction and its determination is of no binding force or effect upon this court. ; . The respondent contends that such judgment was collusive and is entitled to no weight in this proceeding. ; . We do not agree. The proceeding was properly before the Superior Court of North Carolina and all persons having any interest in the controversy were made parties. The attorney general of the State of North Carolina, representing the public interest, was made a party defendant, appeared and filed an answer therein. Whether petitioner was a charitable corporation, and exempt from taxes imposed by the State of North Carolina, *285 involved a controversy in which the public had a vital interest. We think the respondent's premise is without foundation in fact. And we will not presume that a state official, charged with the responsibility of protecting the rights of the public, would lend his office to collusive litigation. [3]
*286 Upon this record, including the judgment of the Superior Court of North Carolina as to petitioner's purposes and the legal rights of its members, which is persuasive, we conclude that the petitioner has established its right to exemption from Federal income and profits taxes under the applicable revenue acts. It, therefore, is unnecessary to pass upon the alternative issue. The penalties fall with the tax. Decision will be entered for the petitioner. Footnotes
1. SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS. The following organizations shall be exempt from taxation under this title - * * * * *
(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefits of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation; ↩
2. ; ; ; ; North Carolina Code, Art. 25-A, Declaratory Judgments, Sec. 628 (b), (1939).↩
3. The law presumes that a public officer faithfully performs the duties of his office. ; ; .↩